UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

REGINALD DIXON                                                                           PETITIONER

v.                                                          CIVIL ACTION NO. 4:13-cv-15-CWR-FKB

RONALD KING                                                                              RESPONDENT

REPORT AND RECOMMENDATION

This matter is before the undersigned for a Report and Recommendation as to the Respondent's Motion to Dismiss [Docket No. 8] pursuant to 28 U.S.C. § 2244(d). For reasons set out below, the undersigned recommends that the Motion to Dismiss be **granted**.

FACTS AND PROCEDURAL HISTORY

By Order of the Circuit Court of Lauderdale County, Mississippi, filed September 16, 1999, Petitioner was sentenced as an habitual offender to a term of sixty (60) years in the custody of the Mississippi Department of Corrections. The Mississippi Court of Appeals affirmed Petitioner's conviction and sentence, which resulted from an arrest for possession of cocaine with intent to distribute. *Dixon v. State*, 812 So. 2d 225 (Miss. Ct. App. 2001), *reh'g denied*, October 16, 2001, *cert. denied*, March 28, 2002.

Petitioner did not file an application for leave to seek post conviction relief until March 15, 2005[1] [Docket No. 8-3], which was denied by Order filed April 15, 2005. Docket No. 8-4.

---

[1] This document is stamped filed March 17, 2005, but was signed by Dixon on March 15, 2005.

1

Dixon filed another application for post conviction relief on June 16, 2011[2] [Docket No. 8-5], which was dismissed by Order filed August 17, 2011. Docket No. 8-6. Additionally, Dixon filed a petition for writ of *certiorari* with the United States Supreme Court, which was denied March 5, 2012 [Docket No. 8-7], and rehearing was denied May 14, 2012. Docket No. 8-8. On January 17, 2013, pursuant to the "mailbox rule,"[3] Petitioner filed the instant petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Docket No. 1.

## DISCUSSION

In his petition, Dixon argues that the writ of habeas corpus should be granted in his favor for the following reasons: judicial misconduct; involuntary statement; denial of the right to a fair trial; denial of the right to confront witnesses; ineffective assistance of counsel at both the trial and appellate stages; and illegal sentence. Respondent did not answer the petition, but instead has moved for dismissal on the ground that the petition is untimely. In light of the Court's conclusion that Respondent's motion should be granted, all of the substantive issues presented in Dixon's petition will not be addressed.

Respondent points to 28 U.S.C. § 2244(d) as the basis for its motion. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Section 2244(d) reads as

---

[2] This document is stamped filed June 20, 2011, but was signed by the petitioner on June 16, 2011.

[3] "For pleadings submitted by prisoners acting *pro se*, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

2

follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

Because Dixon filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition. Asserting that Dixon's petition does not fall into any of the categories listed in § 2244(d)(1)(B)-(D), Respondent argues that Dixon's petition is untimely. According to Respondent, Dixon had until June 26, 2003,[4] to timely file his petition in this Court, and, instead, he filed it on January 17, 2013, approximately nine and one-half years late. Respondent also argues that neither of Dixon's petitions for post-conviction relief

---

[4] To arrive at June 26, 2003, Respondent added ninety days to March 28, 2002, the date *certiorari* was denied on direct appeal, then added one year. The ninety (90) days was added because Petitioner could have moved for a writ of *certiorari* in the United States Supreme Court within the ninety (90) days after *certiorari* was denied by the Mississippi Supreme Court, but did not.

3

were filed prior to the expiration of the one-year limitation period under 28 U.S.C. § 2244(d)(1)(A), and therefore, neither of those pleadings served to toll the limitation period pursuant to 28 U.S.C. § 2244(d)(2).

Petitioner, however, argues that both §§ 2244(d)(1)(C) and (D), set out *supra*, apply, and therefore, his petition is timely. Specifically, he argues that *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009) and *Bullcoming v. New Mexico*, 131 S.Ct. 2705 (2011), established a new rule that has been made retroactive and that the State's introduction of his criminal history through "pen packs" instead of live testimony violated the right established by those cases.

First, Petitioner has failed to show that either *Melendez-Diaz* or *Bullcoming* "newly recognized" a constitutional right as required by 28 U.S.C. § 2244(d)(1)(C).[5] According to the majority opinions in *Melendez-Diaz* and *Bullcoming*, the Supreme Court reached its decisions in both cases by applying the principle already established in 2004 in *Crawford v. Washington*, 541 U.S. 36 (2004). *Crawford* overturned *Ohio v. Roberts*, 448 U.S. 56 (1980), which held that the Confrontation Clause of the Sixth Amendment did not prohibit admission of an absent witness's statement if there is a judicial determination of reliability. In overruling *Roberts*, *Crawford* established that the Confrontation Clause guarantees a criminal defendant the right to confront those giving "testimonial" statements against him at trial. More specifically, the Supreme Court held in *Crawford* that the Confrontation Clause allows admission of "[t]estimonial statements of witnesses absent from trial . . . only where the declarant is unavailable, and only where the

---

[5] Of course, since the Supreme Court decided *Melendez-Diaz* on June 25, 2009, and Dixon did not file his petition in this Court until January 17, 2013 (more than three years and six months later), *Melendez-Diaz* clearly affords Dixon no relief under 28 U.S.C. § 2244(d)(1)(C). Nevertheless, the undersigned will address whether the rule applied in *Melendez-Diaz* and *Bullcoming* meets the requirements of 28 U.S.C. § 2244(d)(1)(C), as argued by Petitioner.

defendant has had a prior opportunity to cross-examine." 541 U.S. at 59.

*Melendez-Diaz* concerned the admission of affidavits by crime laboratory personnel attesting that the substance the defendant was charged with distributing and trafficking was cocaine. 557 U.S. at 308. *Bullcoming* involved the introduction of a laboratory report certifying that the blood-alcohol concentration of the defendant charged with driving while intoxicated was above the legal limit. 131 S.Ct. at 2709. In *Melendez-Diaz*, the affidavits were admitted in lieu of the crime laboratory analysts' live testimony, and the analysts did not testify at trial. 557 U.S. at 308-09. In *Bullcoming*, although a laboratory analyst testified, the analyst who testified had neither participated in or observed the defendant's blood-alcohol test, and the analyst who actually performed the test and prepared and signed the report did not testify at trial. 131 S.Ct. at 2709.

Citing the principle established in *Crawford*, the Supreme Court held in *Melendez-Diaz* and *Bullcoming* that the admission of the affidavits and the report, respectively, violated the Confrontation Clause. Justice Scalia, writing the majority opinion, characterized the *Melendez-Diaz* ruling as a "straightforward application of our holding in *Crawford*." 557 U.S. at 312. And Justice Ginsburg, writing the opinion of the Court in *Bullcoming*, stated that the Court's decision was "in line with controlling precedent" and that the Court's "precedent cannot sensibly be read any other way." 131 S.Ct. at 2713 and 2716 (quoting the precedent set in *Crawford* and citing *Melendez-Diaz*).

Clearly, based on the majority opinions in *Melendez-Diaz* and *Bullcoming*, those two cases merely applied a constitutional right already recognized by the Supreme Court in *Crawford* in 2004. Accordingly, the Supreme Court did not "newly recognize[]" a constitutional right in

5

*Melendez-Diaz* (2009) or *Bullcoming* (2011) as required by 28 U.S.C. § 2244(d)(1)(C).

Further, in addition to showing that the Supreme Court "newly recognized" a constitutional right in *Melendez-Diaz* and *Bullcoming*, Dixon must also show under 28 U.S.C. § 2244(d)(1)(C) that the right has been "made retroactively applicable to cases on collateral review." However, the Supreme Court has explicitly held that the "new rule" recognized in *Crawford* is not retroactively applicable for federal habeas relief. *Whorton v. Bockting*, 549 U.S. 406, 417-21 (2007). As the Court summarized *Whorton*, "[t]his case presents the question whether . . . our decision in *Crawford* . . . is retroactive to cases already final on direct review. We hold that it is not." 549 U.S. at 409. Therefore, as *Crawford* is not retroactive and *Melendez-Diaz* and *Bullcoming* merely applied *Crawford*, the new rule on which Dixon relies is not "retroactively applicable to cases on collateral review" as required by 28 U.S.C. § 2244(d)(1)(C).

Dixon also argues for the application of 28 U.S.C. § 2244(d)(1)(D) in an attempt to make his petition timely. This subsection provides that the one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Certainly, the "factual predicate" of Dixon's claims as to the introduction of the "pen packs" has been known since his sentencing hearing in 1999. In fact, Dixon objected to the introduction of the "pen packs" at trial on the grounds of hearsay and then raised the issue on his direct appeal. *Dixon*, 812 So.2d at 231. Dixon has failed to show any facts on which the application of 28 U.S.C. § 2244(d)(1)(D) could be based, and the undersigned finds that this argument has no merit.

In sum, the one-year limitation period under 28 U.S.C. § 2244(d)(1)(A) for the filing of Dixon's federal habeas petition expired on June 26, 2003. Dixon filed the instant petition on

January 17, 2013, more than nine years and six months late. As shown above, neither subsection (C) nor (D) of 28 U.S.C. § 2244(d)(1) provides relief to make Dixon's petition timely. Further, Dixon has not asserted any basis for tolling the limitation period, since his petitions for post-conviction relief were filed more than a year after June 26, 2002, and therefore did not toll the limitation period under 28 U.S.C. § 2244(d)(2). Accordingly, it is the undersigned's opinion that Dixon's § 2254 Petition filed in this Court is untimely and should be dismissed.

Lastly, it should be noted that this Court has previously denied habeas relief on this issue raised by Dixon. In *Johnson v. King,* 2009 WL 2872804 (S.D. Miss. Aug. 31, 2009), Judge Tom S. Lee, adopting the Report and Recommendation of Magistrate Judge Linda R. Anderson, held:

> Recognizing that *Crawford* distinguishes between testimonial and non-testimonial hearsay, the Mississippi Supreme Court has rejected this very constitutional challenge. *See Fraizer v. State,* 907 So.2d 985, 996 (Miss.App.2005), holding that *Crawford v. Washington* does not apply to self-authenticating documents admitted under Rule 902 of the Mississippi Rules of Evidence, as the pen-packs were in this case. This Court does not find the state court's ruling on this issue, nor its apparent application in this case, to be an unreasonable application of *Crawford v. Washington,* entitling Petitioner to habeas relief.

*Johnson*, at *8. The reports at issue in the case *sub judice* are "certified copies of two 'pen packs' which included the sentencing order for both of Dixon's prior felony convictions," and as in *Johnson*, the "pen packs" were introduced during Dixon's sentencing hearing to prove habitual offender status. *Dixon*, 812 So.2d at 231. Therefore, even if Dixon's Petition was not untimely, this issue has been previously addressed by this Court and rejected as a grounds for habeas relief.

In addition to his Petition, Dixon filed a Motion for Production of Documents [Docket No. 15], seeking production of the pen packs introduced at his sentencing. Respondent objected [Docket No. 16], arguing that pursuant to Rule 6 of the Federal Rules Governing Section 2254

Petitions, discovery may be authorized only for good cause. Since Petitioner's claims are time-barred, there is no good cause for requiring production of the pen packs. Accordingly, the undersigned recommends that Petitioner's Motion at Docket No. 15 be denied.

CONCLUSION

For the reasons stated above, Respondent's motion to dismiss should be **granted,** and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED this the 11th day of July, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE